FILED
AUG 28 2015
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TISHAWANA TERRY

    Plaintiff,

v.     Civil Action No: 5:15-CV-115 (Stamp)

ZANESVILLE WELFARE ORGANIZATION
AND GOODWILL INDUSTRIES, INC.

    Defendant

## COMPLAINT

Now comes Tishawana Terry and for her complaint against the defendants states as follows;

1. Plaintiff Tishawana Terry is African American and at all times material hereto is a resident of Wheeling, Ohio County West Virginia.

2. Defendant Zanesville Welfare Organization and Goodwill Industries, Inc. ("Goodwill") is an Ohio Corporation which operates retail stores in the State of West Virginia and, in particular, Wheeling, Moundsville, and New Martinsville.

3. This Court has original jurisdiction over plaintiff's claims pursuant to 28 USCS §§ 1331 and 1332 inasmuch as the Complaint contains questions of federal law and diversity among the parties exists.

4. The Court has personal jurisdiction over the Defendant inasmuch as defendant is situate in West Virginia, does business in West Virginia inclusive of Ohio County, and many of the acts and omissions as asserted occurred in West Virginia.

5. Venue is proper in the Northern District of West Virginia as plaintiff was employed by defendant in Ohio County, West Virginia and a substantial portion of the events,

acts, and/or omissions on the part of the Defendant giving rise to the claims herein occurred in this judicial district.

6. Cindy Caldwell is the Chief Operating Officer for Goodwill and resides in the State of Ohio. At all times material hereto, Caldwell was acting in the scope of her employment with Goodwill and made, recommended, ratified, acquiesced, participated and/or directed the unlawful discriminatory actions of defendant set forth herein.

7. Plaintiff was employed by Goodwill starting in or about July of 2011. In September of 2011 she was promoted to store manager of the Goodwill retail store located in Wheeling, West Virginia with responsibility over the Wheeling and Elm Grove, West Virginia locations. This promotion was done by her then district manager Linda Kelley.

8. At all times from September of 2011 up to February 2014, Plaintiff's Goodwill locations met or exceeded performance requirements and/or expectations. In fact, the Wheeling location which Plaintiff managed had a greater than 95% customer satisfaction rating as tracked by defendants and use of the "Customer Satisfaction Box".

9. At no time from July of 2011 to February, 2014 did Plaintiff receive any written evaluation which reflected poor or unsatisfactory job performance, nor did she receive any verbal or written warnings or discipline relating to her job performance. In fact, Goodwill has policies in place, and associated forms, requiring monthly evaluations of a manager's performance and to Plaintiff's knowledge these were never completed nor did she otherwise receive any negative evaluation of her performance.

10. On or about January, 2013, Ms. Kelley was replaced by Jackie Ice as district manager. Ms. Ice advised Plaintiff that the discriminatory actions set forth in this Complaint were done at the direction of defendant Caldwell.

11. On January 7, 2014 Plaintiff advised Goodwill that she needed two days off work the first week of February, 2014 to attend to her mother who was to undergo surgery and would need help at home following surgery. As Plaintiff was already scheduled off work on February 4th and 8th, Plaintiff requested February 5th and 6th off work. Plaintiff requested Family Medical Leave and was advised by defendants that she did not need FMLA but could simply use her accrued and earned vacation and/or sick days.

12. Although defendants initially agreed to Plaintiff's request, on February 2, 2014 (just two days before she had requested off to assist her mother post-surgery) Plaintiff was advised that she would need to work her regularly scheduled day off on Saturday, February 8, 2014 or she would not be permitted to take off February 5th and 6th. Plaintiff advised she could not work on that date as it was part of her planned days off to tend to her mother's medical needs.

13. Upon arriving to work on February 7, 2014 Plaintiff was advised that she was being demoted from store manager and moved to work as a retail store worker at Goodwill's St. Clairsville location.

14. The unlawful discrimination did not end with the demotion and transfer Plaintiff was further treated differently from any other employee at the St. Clairsville store or any location in West Virginia in that she was required to work only one position (sorting and hanging clothing) and had set hours. No other employee had these limitations.

15. To be clear, upon being transferred to St. Clairsville, Plaintiff was not allowed to run the cash register; change hours; or perform any function other than to sort clothes and put them on hangers. Remarkably, for this low level job and significant demotion from that of store

manager, Plaintiff received the same compensation. Again, it is clear this demotion was due to her race and meant to force Plaintiff to resign.

16. Apparently not satisfied with Plaintiff's refusal to resign, on June 20, 2014 Plaintiff was advised that she was being further demoted to a part time position and therefore her hours are to be reduced to no more than 24 hours a week. Importantly, had Plaintiff not been unlawfully demoted from her store manager position she would not have been subject to the demotion to part time. Defendant's unlawful discrimination as set forth herein ultimately resulted in Plaintiff resigning her position and being constructively discharged.

## COUNT I

17. Plaintiff reasserts as if set forth herein the allegations set forth in paragraphs 1 through 16.

18. At all times material hereto, Plaintiff has been subjected to repeated acts of discrimination based upon her being an African American and which Plaintiff perceives some or all of which were intended to make her quit her position. These include, but are not limited to the following:

    a. Goodwill interviewed employees of the store managed by Plaintiff without advising Plaintiff and requested employees to evaluate Plaintiff. Upon learning of evaluations employees were requested to lower the evaluations;

    b. Forced to take truck driving training (only manager required to do this) and then Goodwill refused to give her a driving certificate reflecting completion of the course;

    c. Forcing Plaintiff to work overtime while no other manager of any retail location was required to work overtime and refusing to compensate Plaintiff for the

4

overtime work. In fact, Plaintiff was advised by her manager Ms. Ice that her job was "24 hours a day, 7 days a week" but she was only paid for 40 hours a week as she did not receive overtime;

     d.     As the Wheeling location was the only store in West Virginia with minority employees, and only one managed by a minority, it was constantly the focus of investigations alleging theft and non-descript violations of company policies. Plaintiff was required to check employees bags and personal belongings repeatedly. Defendant Caldwell also questioned another employee as to whether Plaintiff stole anything and then reprimanded him for disclosing her inquiry to Plaintiff;

     e.     Upon hiring a minority she was subject to the racially offensive and hostile remark that the employee must be a relative of Plaintiff's which comment was due to his skin color alone and the hiring was investigated by defendants;

     f.     Although the Wheeling location had the most profits of any local Goodwill location, defendant Goodwill gave four other managers an end of year performance bonus and Plaintiff received no bonus;

     g.     Although under Goodwill policy to be eligible for a Christmas or year-end profit sharing bonus you must be employed by May of that year, Plaintiff received no Christmas bonus in 2011 when she was hired in July. However, another non-minority individual, Brenda Rankin, also hired as a manager in June, 2011 received a Christmas bonus;

     h.     In violation of company written policy, Goodwill refused to pay Plaintiff mileage for her job requirement to travel to and from the two stores in Wheeling in which she was assigned to manage.

      i.      All retail stores are evaluated at the end of the year and performance awards are given. Wheeling did not receive any award in 2012 or 2013 even though its profit percentage was in the top three of all stores;

      j.      Plaintiff was forced to change her job requirements to be available to close the store four nights a week which defendant knew was difficult for Plaintiff given her being a single mother and related family commitments with her children. Although other non-minority managers were under the same requirement, it was not enforced as to those managers. Plaintiff was the subject to a secret investigation to determine if she was in compliance with this new policy

19. Ultimately, upon Plaintiff enduring the discriminatory and hostile actions of her employer and refusing to quit her employment, the defendant demoted and transferred her to a different location to perform menial, bottom tier employment tasks.

20. The actions of the defendant reflect that based upon Plaintiff's race she was denied fair treatment in the conditions of her employment, work environment, compensation, discipline, retention/ firing practices and suffered harassment and discrimination in her work environment.

21. The actions of defendant in regard to Plaintiff's employment were made because of, and would not have been made but for, Plaintiff's race and/or color. As well, Plaintiff's race and/or color was a substantial motivating factor in defendant's decisions and action as set forth herein.

22. Moreover, the statistics offered by Goodwill in its Equal Employment Opportunity Report for 2014 reflect its discriminatory practices and motivation in regard to Plaintiff as there are a lack of minority hiring, especially in management positions.

23. The actions of the Defendant as set forth herein constitute discrimination against the Plaintiff based upon her race, have created a hostile environment based upon her race and, as a result, violate the West Virginia Human Rights Act, W.Va. Code §5-11-9 and /or other provisions of the Act. See, W.Va. Code §5-11-1, et. seq.

24. Defendants' conduct was wrongful, reckless and intentional, and further violated the law including Title VII of the Civil Rights Act of 1964 as amended and including 42 U.S.C. §§1981 and 2000e et seq.

25. As a result of the defendant's actions, Plaintiff has incurred, and will incur into the future lost wages, earnings and benefits, emotional distress and anguish, humiliation, annoyance, and inconvenience.

26. Plaintiff is further entitled to an award of attorney fees, costs, and expenses incurred in the pursuit of these claims along with all other relief as may be allowed pursuant to West Virginia Law and Federal law.

## COUNT II

27. Plaintiff reasserts as if set forth herein all allegations set forth in paragraphs 1 through 26.

28. Plaintiff was subjected to unlawful workplace harassment and discrimination due to her race and/or color by Defendants in the terms and conditions of employment as set forth herein above, including but not limited to her demotion, assignments and being subject to discipline, scrutiny, and other adverse action not visited upon non-minority employees.

29. Furthermore and as set forth herein, Plaintiff's unlawful demotion immediately followed and was in retaliation for her refusal to work on her scheduled day off during the time she had requested off to care for her mother post-surgery.

30.     Defendant initially advised Plaintiff that she did not need to file a request under the Family Medical Leave Act as she had sufficient earned days off to accommodate her request. Although initially granting her the requested two days off work, defendant unlawfully subsequently conditioned that approval upon Plaintiff's agreement to work on her scheduled day off.

31.     In reliance upon defendant's representations Plaintiff did not formally seek leave under State and/or Federal law (29 USCA § 2615, 2617, et seq.) commonly referred to as the Family Medical Leave Act. In reliance upon defendant's representations Plaintiff agreed to use her earned and accrued benefits of accumulated paid days off, including sick days.

32.     The defendant's conduct was unlawful in that under the law defendant was not permitted to interfere, restrain or deny plaintiff's right to take leave to care for her mother. Defendant's conduct further violated its policies with regard to entitlement to and use of earn benefits; and it otherwise violated the public policies of the State of West Virginia with regard to the entitlement of employees to earned benefits and leave to care for family members, among others. Defendant's discriminatory actions were further in violation of the promise and agreement of defendant approving plaintiff's request for leave of two days off. The actions of defendant as set forth herein were meant to force Plaintiff to quit her employment.

33.     Upon Plaintiff's refusal to work on her day off and upon returning to work on her next scheduled day, February 7, 2014 she was subjected to unlawful retaliation by being demoted and transferred to another location.

34.     Moreover, following her demotion and transfer Plaintiff was subjected to unlawful discrimination and humiliation by being assigned the lowest level manual tasks and limitation on her employment which were not done to non-minority employees. Ultimately,

Plaintiff was further demoted to a part-time position which also resulted in her losing her health care benefits. Defendants knew by making this demotion it would place unacceptable financial constraints on plaintiff which she could not afford given her personal and family situation.

35. All of the conduct of the defendant as set forth herein created a hostile, abusive, and discriminatory working environment which was intolerable to a reasonable person and resulted in Plaintiff's decision to resign. Plaintiff was therefore subject to unlawful retaliatory and/or constructive discharge.

36. As a result of defendants unlawful retaliation Plaintiff suffered all damages alleged in Count I, Count III and set forth herein.

## COUNT III

37. Plaintiff reasserts as if set forth herein all allegations set forth in paragraphs 1 through 36.

38. At all times material hereto the defendant's conduct was intentional, malicious, wanton or done with indifference to civil obligations affecting the rights of Plaintiff and others.

39. The defendant Goodwill's conduct in responding to the Charge of Discrimination filed by Plaintiff with the U.S. Equal Employment Opportunity Commission further reflects the defendant's intentional, malicious and wanton conduct. In this regard, Goodwill made a number of false and egregious representations in an effort to defeat the Charge of discrimination. These false representations are more fully set forth in the submissions of defendant and Plaintiff in regard to the Charge of Discrimination.

40. As a result of this behavior, Plaintiff is therefore entitled to an award of exemplary, punitive, or vindictive damages against defendant.

## DAMAGES

As a result of the conduct of defendant as alleged herein, Plaintiff has suffered and is entitled to recover an award for the following damages:

1. lost wages and benefits, past and future, inclusive of front pay;

2. humiliation, embarrassment, mental anguish and loss of enjoyment of life;

3. attorney fees and expenses incurred in prosecuting this action;

4. punitive and/or exemplary damages

5. Any and all other damages, both legal and equitable, and/or such other relief as allowable by law

Plaintiff's claim for damages exceeds any jurisdictional requirements, and far exceeds $75,000 dollars, exclusive of interest and costs.

WHEREFORE, the Plaintiff respectfully requests judgment in her favor for all damages allowable as set forth herein in accordance with West Virginia and /or Federal law.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted:

_____
Of Counsel for Plaintiff

Jeffrey A. Grove, Esq. (#6065)
GROVE & DELK, PLLC
44 ½ 15th Street
Wheeling, WV 26003
(304) 905-1961
(304) 905-8628 - Facsimile

10